UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL B. FULLER, | ) |
| | ) CASE NO. C15-1837RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTION TO DISMISS |
| SEATTLE POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Prosecute, Dkt. #26. Plaintiff Michael B. Fuller's original Complaint was filed on December 2, 2015. Dkt. #4. On December 3, 2015, the Court issued an Order for Amended Complaint, stating that Plaintiff's Complaint was "difficult or impossible to follow due to a lack of punctuation and clear subject matter." Dkt. #5 at 1. On December 23, 2015, Plaintiff filed an Amended Complaint. Dkt. #6. Several Defendants have made an appearance and at least one Answer has been filed. *See* Dkt. ## 8, 9, 11. On March 23, 2016, the Court issued an Order regarding initial disclosures and joint status report, with several due dates. Dkt. #12. On April 20, 2016, Plaintiff filed a Motion for Extension of Time. Dkt. #13. The Court denied this

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

Motion, finding that it suffered "from the same deficiencies as Plaintiff's pleading" and that it was unclear what deadline Plaintiff was requesting be extended. Dkt. #14 at 2. The Court urged the parties to work together to resolve discovery issues. On May 23, 2016, the parties submitted a standard Joint Status Report. Dkt. #16. On June 30, 2016, Plaintiff filed a Response to the Joint Status Report suffering from the same prior deficiencies as Plaintiff's pleading and apparently seeking no relief from the Court. Dkt. #18. This Response addresses Defense counsel Derek Casey Chen thusly:

> Derek C. Chen WSBA #49723 Extraordinary Abuse, Abusive, Moral Turpitude…. Derek C. Chen, Revelation 2 Verse 2. I know thy works and thy labour and thy patience, and how thou canst not bear them which are evil and thou hast tried them which say they are apostles, and are not, and hast found them liars.

Dkt. #18 at 2. This Response proceeds to connect the Defendants' law firm Keating Bucklin & McCormack, Inc., P.S., with "Asians Chinese Regime… Communist Control Act August 24, 1954…" Plaintiff later writes, in a rambling and incoherent passage, "Asians or smart they can learn very stupid Chinese student democrats gave secret documents to the enemies spies demons from Asians, Chinese, Credo regime Derek C. Chen…" *Id.* at 4. The Court notes that this type of language was found in the original Complaint. *See* Dkt. #4.

On July 9, 2016, Plaintiff moved to consolidate this case with two other cases, *Lewis v. English*, Case No. 15-345-TSZ and *Tahir v. English*, Case No. 15-1819-MJP. Dkt. #21. On November 23, 2016, Defendants filed the instant Motion to Dismiss. Dkt. #26. Plaintiff has failed to file a Response.

Defendants move to dismiss under Rule 41(b), arguing that "[t]he few times Plaintiff has communicated with Defendants, the substance of the documents was wholly unrelated to this case," that "Plaintiff's other correspondence is a mixture of racially insensitive remarks

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

against different ethnicities and races, random legal statutes that are inapplicable to this lawsuit, and conspiracy theories," and that "Plaintiff filed his complaint almost one year ago and has not filed or done anything substantive to advance his case." Dkt. #26 at 1-2.

In addition to the above facts, Defendants add that they sent Plaintiff discovery on May 25, 2016, but have never received a response. Dkt. #27 at ¶ 2. Defendants state that they have sent Plaintiff several letters regarding discovery, only to receive correspondence from Plaintiff as described in the preceding paragraph. *See* Dkt. #26 at 3. Defendants state that they have received no discovery requests from Plaintiff. *Id*. Defendants argue that "[i]t has now been eleven months since Plaintiff formally initiated this litigation," and that "[t]hroughout this time, Plaintiff has used the litigation as a forum for his political, social, and activist views, but has not sought to progress the case at all." *Id*.

Defendants argue that, pursuant to FRCP 41(b), a defendant may move to dismiss a lawsuit against it if the plaintiff fails to prosecute or comply with the court rules or a court order. Dkt. #26 at 3 (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)). Defendants argue that *pro se* litigants are held to the same procedural rules as those parties represented by counsel. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Defendants cite to *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996) for factors to be considered by the Court in ruling on a motion to dismiss for lack of prosecution. *Id*. at 4. These factors are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Al-Torki*, 78 F.3d at 1384. There must also be a showing of unreasonable delay. *Id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

With regard to the first factor, Defendants argue that, as a public entity, they operate "on a budget funded by taxpayer dollars." Dkt. #26 at 4. With regard to the second factor, Defendants highlight the above efforts by Plaintiff to frustrate the proceeding of this matter while simultaneously refusing to participate in discovery. *Id*. With regard to the third factor, Defendants argue that there is a risk of prejudice in simply having this case hanging over them, and that they are prejudiced by the delay in seeking discovery. *Id*. at 5. With regard to the fourth factor, Defendants argue that "[a]lthough this factor favors not dismissing the case, a court may reasonably and correctly find it is not enough to support finding in Plaintiff's favor when it is outweighed, as it is here, by the other four factors weighing in favor of dismissal." *Id*. (citing *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)). With regard to the fifth factor, Defendants argue that there is no indication that less drastic sanctions would have any effect and therefore dismissal without resorting to other sanctions is proper. *Id.* Defendants again highlight the fact that Plaintiff's involvement in this case has repeatedly been to send "hateful and malicious statements against Defendants, their counsel, and arbitrary public and private figures." *Id*. at 6. Defendants argue that Plaintiff's pending Motion to Consolidate is not an attempt to prosecute but to further delay this case. *Id*.

The Court begins its analysis by noting that the party opposing a motion shall, within the time prescribed in Local Rule 7(d), file and serve on each party a brief in opposition. LCR 7(b)(2). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id.* In this case, Plaintiff's failure to respond to the instant Motion is interpreted by the Court as an admission that the Motion has merit. The Court will therefore accept all of the factual statements submitted by Defendants as true for purposes of ruling on this Motion. The

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

Court has no reason to doubt Defendants' assertions of the communications they have and have not received from Plaintiff.

The Court has reviewed the record and agrees with Defendants. Under the *Al-Torki* factors, the Court first finds that Defendants have met their burden of presenting evidence that Plaintiff has frustrated the public's interest in expeditious resolution of this litigation as well as this Court's need to manage its docket with the above meritless filings and correspondence and by refusing to participate in discovery. Although the risk of prejudice to Defendants is relatively small, the public policy in favor of disposition of cases on their merits remains strong, and there are less drastic sanctions, the Court finds that these factors tip in favor of dismissal given the entire record including the Court's prior Order requiring Plaintiff to amend his initial Complaint and Plaintiff's "hateful and malicious statements against Defendants, their counsel, and arbitrary public and private figures." The Court further finds that Defendants have made a strong showing of unreasonable delay despite the outstanding discovery deadline in this case. The Court agrees that the pending Motion to Consolidate is not an attempt to prosecute but to further delay this case. Dismissal is therefore warranted.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss for Failure to Prosecute (Dkt. #26) is GRANTED.

2) All of Plaintiff's claims are DISMISSED.

3) All pending Motions are DENIED AS MOOT.

4) This case is CLOSED.

5) The Clerk shall send a copy of this Order to Plaintiff at 7920 Rainier Ave S Apt. 107 SEATTLE, WA 98118.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

DATED this 20 day of December, 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6